```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
CARMEN CAMILO,
                                    :
              Plaintiff,                 REPORT & RECOMMENDATION
                                    :
         -against-                       11 Civ. 1345 (DAB)(MHD)
                                    :
CAROLYN W. COLVIN, Acting
Commissioner of Social Security,    :

              Defendant.            :
------------------------------------x
```

TO THE HONORABLE DEBORAH A. BATTS, U.S.D.J.:

1/14/14

Plaintiff Carmen Camilo filed this lawsuit in 2011 to challenge a decision by the Commissioner of Social Security to deny her application for disability insurance benefits. By order dated October 2, 2013, the District Court adopted our May 31, 2013 Report and Recommendation that the case be remanded to the Commissioner for further proceedings. (See Order Adopting Report & Recommendation, dated Oct. 2, 2013 (Dkt. No. 24) ("Order")). Specifically, the defendant was directed "to apply properly the treating-physician rule, develop fully the factual record, and evaluate Plaintiff's credibility." (Order at 1-2). In the wake of that decision, plaintiff's counsel has filed an application for an award of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $4,123.64. The Commissioner does not oppose the motion, and we recommend that it

1

be granted.

## ANALYSIS

The EAJA mandates that, in any suit by or against the United States, "including proceedings for judicial review of agency action", the District court award a prevailing plaintiff "fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that other special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). This provision, by its terms, applies to suits under 42 U.S.C. § 405(g) to review denials of Social Security benefits. See, e.g., Vincent v. Commissioner of Social Security, 651 F.3d 299, 302-03 (2d Cir. 2011).

Under the EAJA the fee application must be made only after final judgment is entered. In the context of Social Security benefit lawsuits, a remand order under sentence four of section 205(g) is deemed such a final judgment. See Gallo v. Astrue, 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011) (citing Shalala v. Schaefer, 509 U.S. 292, 296-97 (1993)). In this case, the remand order of the District Court was made under sentence four, and hence the current application is properly timed.

As for the substance of the fee application, the Commissioner bears the burden of demonstrating substantial justification or the existence of special circumstances militating in favor of denial of fees. See, e.g., Santos v. Astrue, 752 F. Supp.2d 412, 415 (S.D.N.Y. 2010) (citing Pierce v. Underwood, 487 U.S. 552, 559 (1988); Environmental Defense Fund, Inc. v. Watt, 722 F.2d 1081, 1085 (2d Cir. 1985)). That substantial justification must encompass not only the Government's position in the court case, but also its position in the challenged agency proceeding. 28 U.S.C. § 2412((d)(2)(D); see also Burger v. Astrue, 363 Fed. App'x 73, 75 (2d Cir. 2010) (citing Ericksson v. Commissioner of Social Security, 557 F.3d 79, 82 (2d Cir. 2009)). Substantial justification requires a showing that the position of the agency was reasonable both in law and in fact, and that a reasonable person would so conclude. See, e.g., Ericksson, 557 F.3d at 82-83 (quoting Pierce, 487 U.S. at 563).

In this case the Commissioner does not even attempt to invoke the statutory exceptions to the ordinary entitlement to fees. Moreover, based on our findings in the May 31 Report and Recommendation -- which the Commissioner did not challenge -- it is evident that no such justification could be demonstrated. The errors of the Administrative Law Judge were numerous and clear (see

3

Report & Recommendation, dated May 31, 2013 (Dkt. No. 22) ("R&R") at 42-70), and there was no meaningful basis for defending them.

As for the standing of counsel to seek an award directly to his firm, that is permissible in view of plaintiff's written agreement to assign her claim for fees to counsel. (See Aff. of Charles E. Binder, Esq., dated Nov. 1, 2013 (Dkt. No. 27) ("Binder Aff.") Ex. B). There is no suggestion that plaintiff has any outstanding debt to the United States, and under these circumstances the Government has followed a policy of honoring such requests for direct awards. See Astrue v. Ratliff, 130 S.Ct. 2521, 2529 (2010).

Finally, the amount of the award that counsel seeks is justified on the current record. Under the EAJA, as supplemented by Pub. Law 104-121 (Apr. 19, 1996), the base award is $125.00 per hour for all lawsuits filed after March 29, 1996. Taking into consideration the increase in the cost of living -- as measured by the Consumer Price Index -- from the effective date of the statute until October 2011, when most of the work on this case was done, plaintiff's counsel calculates a comparable fee increase to an adjusted hourly rate of $186.59. (Binder Aff. ¶ 12). The Government

4

does not contest this calculation, and our review of the pertinent data supports it as well. See Consumer Price Index Detailed Report, October 2011, accessed at www.bls.gov/cpi (last visited Jan. 13, 2014).

As for the work performed, counsel proffers the contemporaneous record of hours worked by him and an associate (Binder Aff. ¶ 10 & Ex A), and the total of 22.1 hours that they expended appears reasonable in view of the issues in the case and the work product actually filed with the court. Morever, the proposed blended hourly rate is certainly justified in view of lead counsel's lengthy experience in litigating these types of cases, as well as his associate's many years of serving as a claimant's representative in Social Security benefit agency proceedings before law school and his specialization in this area following his more recent law-school graduation. (See id. at ¶¶ 7-9).

CONCLUSION

For the reasons stated, we recommend that the unopposed motion of plaintiff's counsel for an award of attorney's fees under the EAJA in the amount of $$4,123.64 be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Deborah A. Batts, Room 2510, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d); Thomas v. Arn, 470 U.S. 140, 150-52 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

DATED:  New York, New York
        January 13, 2014

Respectfully Submitted,

_____
MICHAEL H. DOLINGER
**UNITED STATES MAGISTRATE JUDGE**

Copies of the foregoing Report & Recommendation have been sent today to:

Charles E. Binder, Esq.
Law Offices of Harry J. Binder & Charles E. Binder, P.C.
60 East 42d Street
Suite 520
New York, New York 10165

Leslie A. Ramirez-Fisher, Esq.
Assistant United States Attorney
    for the Southern District of New York
86 Chambers Street
3rd Floor
New York, New York 10007